# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB<br>ECF Case<br>**ORAL ARGUMENT REQUESTED** |
| *National Credit Union Administration Board, et. al v. Credit Suisse et. al.* | 13-cv-7394 |
| *Bay Area Toll Authority v. Bank of Am., et al.* | 14-cv-3094 |
| *CEMA Joint Venture v. Charter One Bank, N.A. et al.* | 13-cv-5511 |
| *City of Riverside v. Bank of Am. Corp. et al.* | 13-cv-597 |
| *City of Houston v. Bank of Am. Corp., et al.* | 13-cv-5616 |
| *Salix Capital US Inc. v. Banc of Am. Sec., et al.* | 13-cv-4018 |
| *Prudential Investment Portfolios 2 v. Bank of Am. et al.* | 14-cv-04189 |
| *The City of Philadelphia v. Bank of Am. Corp., et al.* | 13-cv-6020 |
| *The Regents of the University of California v. Bank of Am. Corp., et al.* | 13-cv-05186 |
| *Cnty. of Mendocino v. Bank of Am., et. al.* | 13-cv-8644 |
| *Darby Fin. Products and Capital Ventures Int'l v. Barclays, et al.* | 13-cv-8799 |
| *The Charles Schwab Corp., et al., v. Bank of Am. Corp., et al.* | 13-cv-7005 |
| *City of Richmond, et al. v. Bank of Am. Corp. et al.* | 13-cv-627 |
| *East Bay Mun. Utility Dist. v. Bank of Am. Corp. et al.* | 13-cv-626 |
| *Cnty. of San Diego v. Bank of Am. Corp. et al.* | 13-cv-667 |
| *Cnty. of Sacramento v. Bank of Am. Corp., et al.* | 13-cv-5569 |
| *San Diego Assoc. of Gov'ts v. Bank of Am. Corp., et al.* | 13-cv-5221 |
| *Cnty. of San Mateo v. Bank of Am. Corp. et al.* | 13-cv-625 |
| *Cnty. of Sonoma v. Bank of Am., et al.* | 13-cv-5187 |
| *Principal Funds, Inc. et al. v. Bank of Am. Corp. et al.* | 13-cv-6013 |
| *Principal Fin. Group, Inc. et al. v. Bank of Am. Corp. et al.* | 13-cv-6014 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS DIRECT ACTION PLAINTIFFS' REQUESTS
<u>FOR INJUNCTIVE, EQUITABLE, AND DECLARATORY RELIEF</u>**

Plaintiffs in 21 Direct Actions request prospective injunctive, equitable, and declaratory relief in addition to the primary monetary remedies they seek. Plaintiffs accordingly must show irreparable injury in the absence of such relief and the lack of an adequate remedy at law. Yet Plaintiffs do not allege that the alleged manipulation of LIBOR that forms the basis for their substantive claims is ongoing or will reoccur to cause any future injury. Nor do Plaintiffs adequately plead that monetary damages would be insufficient were Plaintiffs to prevail. Plaintiffs thus lack standing and fail to plead the elements of a claim for injunctive or declaratory relief, warranting dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**BACKGROUND**

As discussed in further detail in Defendants'[1] other Motions to Dismiss the Direct Actions,[2] Plaintiffs allege that they purchased fixed or floating rate financial instruments tied to USD LIBOR from certain Bank Defendants, their subsidiaries, affiliates, and/or unrelated third parties, and suffered financial losses because they received less (or paid more) on those financial instruments because of Defendants' alleged manipulation of USD LIBOR. Plaintiffs assert that the alleged misconduct began by August 2007 and continued until either mid-2010 or 2011. None of Plaintiffs' Amended Complaints—and none of the complaints in these MDL proceedings—alleges that *any* misconduct involving USD LIBOR occurred after 2011, let alone

---

[1] As used herein, "Defendants" refers collectively to the defendant banks (the "Bank Defendants") and the British Bankers' Association, BBA Enterprises Ltd. and BBA LIBOR Ltd. (collectively, the "BBA"). While not all 21 Direct Action Complaints name the same set of defendants, the reasons for dismissing Plaintiffs' claims for injunctive relief apply to all defendants named in the complaints; accordingly, unless appropriate to distinguish between the individual defendants, this memorandum will refer collectively to "Defendants."

[2] On August 13, 2014, Defendants filed pre-motion letters addressed to the claims in the previously stayed actions, including a letter seeking leave to move to dismiss all requests for injunctive and declaratory relief in those actions. Dkt. No. 598. On September 5, 2014, the Court ordered the Direct Action Plaintiffs to file amended complaints by October 6, and directed Defendants to file motions to dismiss those amended pleadings by November 5, 2014. Dkt. No. 638.

into the future.³ Indeed, some of Plaintiffs' Amended Complaints affirmatively state that the alleged manipulation ceased well before 2011.⁴

Plaintiffs assert numerous federal and state-law causes of action against Defendants, all principally to obtain monetary damages for Plaintiffs' alleged financial losses. *See, e.g.*, Consol. Am. Compl. ¶ 23, *California Actions* ("Plaintiffs bring this action to recover losses suffered as a result of the Defendants' misconduct."); Am. Compl. ¶ 5, *Principal Fin. Grp., Inc.*, No. 13-cv-6014 ("Plaintiffs seek relief for the damages they have suffered as a result of Defendants' anticompetitive conduct"). Besides monetary relief, however, certain Direct Action Plaintiffs include requests for prospective equitable remedies, including injunctions prohibiting Defendants from continuing the alleged misconduct and constructive trusts.⁵ Yet, apart from one or two bare statements in each Amended Complaint, Plaintiffs provide no factual detail regarding their

---

³ *See, e.g.*, Am. Compl. ¶ 111, *City of Houston*, No. 13-cv-5616 ("from August 2007 through May 2010, the LIBOR submissions of the LIBOR member banks were, on average, approximately 29.4 basis points lower than the Eurodollar benchmark"); Am. Compl. ¶ 100, *Principal Funds, Inc.*, No. 13-cv-6013 ("According to the UBS CFTC Order, from at least January 2005 through 2011[.]"); Am. Compl. ¶ 86, n. 35, *Charles Schwab Corp.*, No. 13-cv-7005 ("The Spread only became consistently positive around the end of October 2011, just after the European Commission raided banks in connection with LIBOR."); Consol. Am. Compl. ¶ 9, *Regents of the University of California, et al.*, No. 13-cv-5186 ("California Actions") (alleging manipulation "extending until as late as March of 2011").

⁴ *See, e.g.*, Am. Compl. ¶ 1, *Bay Area Toll Auth.*, No. 14-cv-3094 (alleging relevant period ended May 2010); Am. Compl. ¶ 1, *Charles Schwab Corp.*, No. 13-cv-7005 (same).

⁵ The requests for injunctive, equitable, and declaratory relief sought by the various Direct Action Plaintiffs are virtually identical in all respects material to this motion. Consol. Am. Compl. ¶¶ 618, 625, 634 & p.246, *City of Richmond*, No. 13-cv-627; *City of Riverside*, No. 13-cv-597; *Cnty. of San Diego*, No. 13-cv-667; *Cnty. of San Mateo*, No. 13-cv-625; *East Bay Mun. Utility Dist.*, No. 13-cv-626; *Cnty. of Sonoma*, No. 13-cv-5187; *Cnty. of Sacramento*, No. 13-cv-5569; *Regents of the University of California*, No. 13-cv-05186; *San Diego Ass'n of Governments*, No. 13-cv-5221; *Cnty. of Mendocino*, No. 13-cv-8644; Am. Compl. ¶¶ 514, 523 & p.212, *City of Houston*, No. 13-cv-5616; Am. Compl. ¶¶ 292, 326 & p.117, *Bay Area Toll Auth.*, No. 14-cv-3094; Am. Compl. at 86, *Principal Funds, Inc.*, No. 13-cv-6013; Am. Compl. at 88, *Principal Fin. Grp.*, No. 13-cv-6014; Am. Compl. ¶ 332 & p.129, *Charles Schwab Corp.*, No. 13-cv-7005; Am. Compl. ¶ 309, *National Credit Union Admin. Bd.*, No. 13-cv-7394; Am. Compl. at 161 & ¶ 17, *Darby Fin. Prods. & Capital Ventures Int'l*, No. 13-cv-8799; Am. Compl. ¶ 17 & p.167, *City of Philadelphia*, No. 13-cv-6020; Am. Compl. at 165, *Prudential Investment Portfolios 2*, No. 14-cv-04189; Sec. Am. Compl. at 186, *Salix Capital US Inc.*, No. 13-cv-4018; Compl. at 72, *CEMA Joint Venture*, No. 13-cv-5511. The following complaints seek establishment of a constructive trust: Am. Comp. ¶ 346, *Bay Area Toll Auth.*, No. 14-cv-3094; Am. Comp. ¶ 306, *National Credit Union Admin. Bd.*, No. 13-cv-7394; Am. Comp. ¶ 253, *Principal Fin. Grp.*, No. 13-cv-6014; Am. Comp. ¶ 251, *Principal Funds, Inc.*, No. 13-cv-6013; Am. Comp. ¶ 450, *Prudential Investment Portfolios 2*, No. 14-cv-04189; Sec. Am. Compl. ¶ 526, *Salix Capital US Inc.*, No. 13-cv-4018; Am. Comp. ¶ 364, *Charles Schwab Corp.*, No. 13-cv-7005.

requests for injunctive, equitable, and declaratory relief. Nor do they explain the basis for seeking such relief in actions singularly focused on monetary damages in every other respect and where, on Plaintiffs' own allegations, the supposed misconduct ceased years ago.

## ARGUMENT

"The basic requirements to obtain injunctive relief have always been a showing of irreparable injury and the inadequacy of legal remedies." *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 68 (2d Cir. 1999). As with any claim, a plaintiff seeking injunctive relief must have standing. "To establish standing when seeking injunctive relief, a plaintiff must show that he is 'under threat of suffering injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.'" *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 272 (S.D.N.Y. 2011) (Buchwald, J.) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). To establish standing "to request injunctive or declaratory relief, the injury alleged must be capable of being redressed through injunctive relief 'at th[e] moment'" the complaint is filed. *Robidoux v. Celani*, 987 F.2d 931, 938 (2d Cir. 1993). "[P]laintiff's standing for an equitable claim must appear on the face of the complaint in order to survive a motion to dismiss." *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 593 (S.D.N.Y. 2011) (quoting *Aiken v. Nixon*, 236 F. Supp. 2d 211, 221 (N.D.N.Y. 2002), *aff'd*, 80 F. App'x 146 (2d Cir. 2003)).

Whether viewed as a lack of standing or failure to plead the requirements to obtain injunctive or declaratory relief, Plaintiffs' requests fail and should be dismissed.

**I.      No Injunctive Or Declaratory Relief Is Available Because The Alleged Conduct Ceased Before The Complaints Were Filed And There Is No Prospect That Any Such Conduct Will Cause Any Future Injury**

As a matter of law, no injunctive or declaratory relief is available where, as here, the alleged misconduct has ceased and there is no likelihood of future injury. "A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998); *see also Liriano*, 827 F. Supp. 2d at 272 (prospective injury must be "due to 'a recurrence of the allegedly unlawful conduct'" (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n.8 (1983))).

Plaintiffs allege no ongoing misconduct. To the contrary, on Plaintiffs' own allegations, the LIBOR manipulation that caused their purported injuries had ceased by 2011, almost two years before the first of these Direct Actions was filed.[6] *See, e.g.*, *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 15 (1st Cir. 2008) ("Plaintiffs have failed to establish the continuing presence of the requisite threatened injury. The 'perfect storm' that allegedly precipitated [these violations] … ceased long ago."); *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 68 (S.D.N.Y. 2013) (no injunctive relief where plaintiff "was no longer an XM customer at the time this action was filed").

Nor do Plaintiffs allege any likelihood of any future injury. Even assuming that Plaintiffs could adequately allege that they suffered injury because of LIBOR manipulation (which they cannot), any claim that such manipulation affecting financial instruments is likely to occur in the

---

[6]     The City of Richmond, 13-cv-627, County of San Mateo, No. 13-cv-625, East Bay Mun. Utility Dist., No. 13-cv-626, County of San Diego, No. 13-cv-00667, and City of Riverside, No. 13-cv-597, all filed their complaint on January 9, 2013. These are the earliest filed Direct Action complaint at issue in this motion. Although the Schwab Plaintiffs filed three actions in the Northern District of California in August 2011, this court dismissed the federal claims in those actions and declined to exercise supplemental jurisdiction over the remaining state law claims. On April 29, 2013, the Schwab Plaintiffs filed the complaint that is now currently before the Court.

future, let alone in the "imminent" future, is pure conjecture that is contradicted by allegations that any such activity ceased years ago, and severely undermined by extensive government investigations and settlements—on which Plaintiffs rely—many of which impose ongoing non-violation and cooperation obligations on some of the Bank Defendants. *See, e.g.*, *Robert Stigwood Grp. Ltd. v. Hurwitz*, 462 F.2d 910, 913 (2d Cir. 1972) (request for preliminary injunction was moot where defendant had voluntarily ceased the complained-of conduct, and "[m]oreover, our recent decision [in another case] undoubtedly has chilled any extant enthusiasm for future performances of the sort involved here"); *New Motor Vehicles*, 522 F.3d at 15 (no injunctive relief where "there is nothing to suggest that any named plaintiff harbors an 'imminent' intention to buy a new car in coincidence with another 'perfect storm' of arbitrage-friendly market conditions"). In short, there is no "concrete and particularized" threat here. *Liriano*, 827 F. Supp. 2d at 272.

Since the filing of the complaints, there have been fundamental changes in the administration of USD LIBOR. In July 2013, the Hogg Tendering Advisory Committee, an independent committee set up by the British government, selected ICE Benchmark Administration Limited ("IBA") as the new administrator of LIBOR, including USD LIBOR.[7] The IBA began administering LIBOR on February 1, 2014, and has implemented numerous regulations and controls to monitor LIBOR submissions, including (1) the establishment of a LIBOR Oversight Committee that includes the participation of the Federal Reserve and the Bank of England and (2) the implementation of new benchmark surveillance techniques and technology to monitor submitted rates. Thus, to the extent that any Plaintiffs assert their alleged

---

[7] *See* ICE Benchmark Administration, https://www.theice.com/iba (last visited Nov. 5, 2014); *see also* Popper, *NYSE EuroNext to Take Over Administration of Libor*, The New York Times (July 8, 2013), http://dealbook.nytimes.com/2013/07/09/nyse-euronext-to-take-over-libor/.

5

injuries resulted from issues in the processes of fixing and administering LIBOR between 2007 and 2011, those processes have now changed. These changes would belie any allegation—had Plaintiffs made one—that they are likely to suffer the same injury in the future. *See, e.g.*, *Liriano*, 827 F. Supp. 2d at 272 (denying injunctive relief where changed circumstances eliminated any likelihood Plaintiff would "be subject to future similar treatment"); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 210 (S.D.N.Y. 2012) (request for injunctive relief dismissed where "Plaintiffs allege vaguely that they seek injunctive relief 'to remedy the anti-competitive market effects caused by the unlawful conduct of Defendants, and other relief so as to assure that similar anti-competitive conduct does not occur in the future,' but fail to allege how any putative Plaintiff faces a significant threat of injury from" the alleged misconduct); *In re G-Fees Antitrust Litig.*, 584 F.Supp.2d 26, 35 (D.D.C.2008) (no injunctive relief where plaintiffs failed to identify future conduct by defendants that threatened plaintiffs' property or business); *see also Aladdin Capital Holdings, LLC v. Donoyan*, 438 F. App'x 14, 16 (2d Cir. 2011) (violations no longer continuing, making claim for preliminary injunctive relief moot).

## II. Plaintiffs Fail To Plead The Inadequacy Of Legal Remedies

Plaintiffs' claims for equitable relief also fail because Plaintiffs nowhere adequately allege that monetary damages—the principal relief they seek—would be inadequate to redress the injuries they claim. *See Brown v. Sandimo Materials*, 250 F.3d 120, 127 (2d Cir. 2001) ("[B]efore equitable relief will be granted, plaintiffs must show that they have no adequate remedy at law."). Nor could they. Even assuming Plaintiffs' allegations are true, Plaintiffs still cannot assert a single reason why monetary relief would not make them whole for their alleged financial losses on LIBOR-linked financial instruments. *See supra* pp. 2-3. Plaintiffs' actions

6

are "quintessentially … action[s] at law," and the Court should "decline this invitation to perceive equitable clothing where the requested relief is nakedly" legal in nature. *Nechis v. Oxford Health Plans, Inc.,* 421 F.3d 96, 103-04 (2d Cir. 2005) (upholding dismissal of requests for equitable relief because language in complaint "involve[d] words of contract rather than those of equity" and "the requested relief is nakedly contractual."); *see also, e.g.*, *Bezuszka v. L.A. Models, Inc.*, No. 04 Civ. 7703, 2006 WL 770526, at *17, n.32 (S.D.N.Y. Mar. 24, 2006) (Buchwald, J.) ("[I]t would be a misuse of the Court's equitable powers to issue an injunction when the plaintiffs have an adequate remedy at law, namely their breach of contract claims." (applying California law)); *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 144 n.6 (2d Cir. 1999) ("[E]quity typically denied relief in a proceeding seeking restitution ... on the theory of unjust enrichment because the remedy at law, an action for damages, typically was adequate." (applying federal law)); *Victor G. Reiling Assocs. v. Fisher-Price, Inc.*, No. 3:03 Civ. 222, 2006 WL 1102754, at *2 n.5 (D. Conn. Apr. 25, 2006) (noting that plaintiff "would not be entitled to disgorgement of [Defendant's] profits on an equitable theory, because [Plaintiff] has an adequate remedy at law—compensatory damages in the form of lost profits/royalties." (applying New York law)).[8]

---

[8] As noted, this basic equitable principle applies under both federal and state law.

## CONCLUSION

Plaintiffs' requests for injunctive, equitable, and declaratory relief should be dismissed.

November 5, 2014                                    Respectfully submitted,

/s/ Fraser L. Hunter, Jr.                           /s/ Robert F. Wise, Jr.
Fraser L. Hunter, Jr.                               Robert F. Wise, Jr.
David S. Lesser                                     Arthur J. Burke
Alan E. Schoenfeld                                  Paul S. Mishkin
WILMER CUTLER PICKERING                             DAVIS POLK & WARDWELL LLP
HALE AND DORR LLP                                   450 Lexington Avenue
250 Greenwich Street,                               New York, New York 10017
New York, New York 10007                            Telephone: (212) 450-4000
Telephone: (212) 230-8800                           Fax: (212) 450-4800
Fax: (212) 230-8888                                 robert.wise@davispolk.com
fraser.hunter@wilmerhale.com                        arthur.burke@davispolk.com
david.lesser@wilmerhale.com                         paul.mishkin@davispolk.com
alan.schoenfeld@wilmerhale.com

*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., and Banc of America Securities, LLC*

/s/ Robert G. Houck
Robert G. Houck
Alejandra de Urioste
CLIFFORD CHANCE US LLP
31 West 52nd Street                                 /s/ Daryl A. Libow
New York, New York 10019                            Daryl A. Libow
Telephone: (212) 878-8000                           Christopher M. Viapiano
Fax: (212) 878-8375                                 SULLIVAN & CROMWELL LLP
robert.houck@cliffordchance.com                     1700 New York Avenue, Suite 700
alejandra.deurioste@cliffordchance.com              Washington, D.C. 20006
                                                    Telephone: (202) 956-7500
                                                    Fax: (202) 956-6973
                                                    libowd@sullcrom.com
                                                    viapianoc@sullcrom.com

*Attorneys for Defendants The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, Citizens Bank, N.A. f/k/a Charter One Bank, N.A., and RBS Securities Inc.*[9]

*Attorneys for Defendant The Bank of Tokyo-Mitsubishi UFJ, Ltd.*

---

[9] Wilmer Cutler Pickering Hale and Dorr LLP is counsel for these defendants except as to plaintiffs Prudential Investment Portfolios 2; Triaxx Prime CDO 2006-2 LTD; Triaxx Prime CDO 2007-1 LTD; Principal Funds, Inc.; Principal Capital Interest Only I, LLC; Principal Commercial Funding, LLC; Principal Commercial Funding II, LLC; Principal Financial Group, Inc.; Principal Financial Services, Inc.; Principal Life Insurance Company; Principal Real Estate Investors, LLC; Principal Variable Contracts Funds, Inc.; and Fannie Mae. Clifford Chance US LLP is counsel for these defendants except as to Plaintiff the Federal Home Loan Mortgage Corporation.

| | |
|---|---|
| */s/* Jeffrey T. Scott<br>David H. Braff<br>Yvonne S. Quinn<br>Jeffrey T. Scott<br>Matthew J. Porpora<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004<br>Telephone: (212) 558-4000<br>braffd@sullcrom.com<br>quinny@sullcrom.com<br>scottj@sullcrom.com<br>porporam@sullcrom.com<br><br>*/s/* Jonathan D. Schiller<br>Jonathan D. Schiller<br>Leigh M. Nathanson<br>Amos Friedland<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue<br>New York, New York  10022<br>Telephone: (212) 446-2300<br>jschiller@bsfllp.com<br>lnathanson@bsfllp.com<br>afriedland@bsfllp.com<br><br>Michael Brille<br>5301 Wisconsin Avenue NW<br>Washington, D.C.  20015<br>Telephone: (202) 237-2727<br>mbrille@bsfllp.com<br><br>*Attorneys for Defendants Barclays Bank plc, Barclays plc, and Barclays Capital Inc.* | */s/* Andrew A. Ruffino<br>Andrew A. Ruffino<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York  10018<br>Telephone: (212) 841-1000<br>aruffino@cov.com<br><br>Alan M. Wiseman<br>Thomas A. Isaacson<br>Jonathan Gimblett<br>1201 Pennsylvania Avenue N.W.<br>Washington, D.C.  20004<br>Telephone: (202) 662-6000<br>awiseman@cov.com<br>tisaacson@cov.com<br>jgimblett@cov.com<br><br>*/s/* Michael R. Lazerwitz<br>Michael R. Lazerwitz<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York  10006<br>Telephone: (212) 225-2000<br>mlazerwitz@cgsh.com<br><br>*Attorneys for Defendants Citibank, N.A. and Citigroup, Inc.* |

| | |
|---|---|
| */s/* David R. Gelfand<br>David R. Gelfand<br>Sean M. Murphy<br>MILBANK TWEED HADLEY & McCLOY LLP<br>One Chase Manhattan Plaza<br>New York, New York 10005<br>Telephone: (212) 530-5000<br>dgelfand@milbank.com<br>smurphy@milbank.com<br><br>*Attorneys for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.* | */s/* Herbert S. Washer<br>Herbert S. Washer<br>Elai Katz<br>Joel Kurtzberg<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, New York 10005<br>Telephone: (212) 701-3000<br>hwasher@cahill.com<br>ekatz@cahill.com<br>jkurtzberg@cahill.com<br><br>*Attorneys for Defendant Credit Suisse Group AG, Credit Suisse International, Credit Suisse AG, Credit Suisse Securities (USA) LLC, Credit Suisse Securities (USA) Inc.* |

/s/ Moses Silverman
Moses Silverman
Andrew C. Finch
Jessica Brach
Noam Lerer
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3355
Fax: (212) 492-0355
msilverman@paulweiss.com
afinch@paulweiss.com
jbrach@paulweiss.com
nlerer@paulweiss.com

*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.*

/s/ Ed DeYoung
Ed DeYoung
Gregory T. Casamento
LOCKE LORD LLP
3 World Financial Center
New York, New York 10281
Telephone: (212) 812-8325
Fax: (212) 812-8385
edeyoung@lockelord.com
gcasamento@lockelord.com

Roger B. Cowie
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8614
Fax: (214) 740-8800
rcowie@lockelord.com

*Attorneys for Defendants HSBC Holdings plc, HSBC Bank plc, The Hongkong and Shanghai Banking Corporation Ltd., HSBC USA, Inc., HSBC Finance Corporation, HSBC Securities (USA,) Inc., and HSBC Bank USA, N.A.* (except in *City of Houston v. Bank of America Corp., et al.*, S.D.N.Y. Case No. 1:13-cv-05616)

/s/ Donald R. Littefield
Donald R. Littlefield (*pro hac vice* motion pending)
Jack D. Ballard (*pro hac vice* motion pending)
Michael A. Rodriguez (*pro hac vice* motion pending)
BALLARD & LITTLEFIELD, LLP
3700 Buffalo Speedway, Suite 250
Houston, Texas 77098
Telephone: (713)403-6400
Fax: (713)-403-6410
dlittlefield@ballardlittlefield.com
jballard@ballardlittlefield.com
mrodriguez@ballardlittlefield.com

*Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc* in *City of Houston*

*v. Bank of America Corp., et al.*, S.D.N.Y. Case No. 1:13-cv-05616

/s/ Thomas C. Rice
Thomas C. Rice
Paul C. Gluckow
Omari L. Mason
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502
trice@stblaw.com
pgluckow@stblaw.com
omason@stblaw.com

*Attorneys for Defendants
JPMorgan Chase & Co. and
JPMorgan Chase Bank, N.A.*

/s/ Marc J. Gottridge
Marc J. Gottridge
Lisa J. Fried
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com

*Attorneys for Defendants Lloyds Banking Group plc and HBOS plc*

/s/ Andrew W. Stern
Alan M. Unger
Andrew W. Stern
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
aunger@sidley.com
astern@sidley.com
ncrowell@sidley.com

*Attorneys for Defendant
The Norinchukin Bank*

/s/ Arthur W. Hahn
Arthur W. Hahn
Christian T. Kemnitz
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661
Telephone: (312) 902-5200
arthur.hahn@kattenlaw.com
christian.kemnitz@kattenlaw.com

*Attorneys for Defendant Royal Bank of Canada, and RBC Capital Markets LLC*

| | |
|---|---|
| /s/ Richard D. Owens<br>Richard D. Owens<br>Jeff G. Hammel<br>LATHAM & WATKINS LLP<br>885 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 906-1200<br>richard.owens@lw.com<br>jeff.hammel@lw.com<br><br>*Attorneys for Defendants British Bankers'*<br>*Association,*<br>*BBA Enterprises Ltd., and BBA LIBOR Ltd.* | /s/ Steven Wolowitz<br>Steven Wolowitz<br>Henninger S. Bullock<br>Andrew J. Calica<br>MAYER BROWN LLP<br>1675 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-2500<br>Fax: (212) 262-1910<br>swolowitz@mayerbrown.com<br>hbullock@mayerbrown.com<br>acalica@mayerbrown.com<br><br>*Attorneys for Defendant Société Générale* |

| | |
|---|---|
| /s/ Peter Sullivan<br>Peter Sullivan<br>Lawrence J. Zweifach<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York  10166-0193<br>Telephone: (212) 351-4000<br>psullivan@gibsondunn.com<br>lzweifach@gibsondunn.com<br><br>Joel S. Sanders (*admitted pro hac vice*)<br>555 Mission Street, Suite 3000<br>San Francisco, California  94105<br>jsanders@gibsondunn.com<br><br>*Attorneys for Defendant UBS AG* | /s/ Christopher M. Paparella<br>Christopher M. Paparella<br>Ethan E. Litwin<br>Marc A. Weinstein<br>Morgan J. Feder<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Fax: (212) 422-4726<br>Chris.Paparella@hugheshubbard.com<br>Ethan.Litwin@hugheshubbard.com<br>Marc.Weinstein@hugheshubbard.com<br>Morgan.Feder@hugheshubbard.com<br><br>*Attorneys for Defendants Portigon AG (f/k/a WestLB AG) and Westdeutsche ImmobilienBank AG* |