UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:

LIBOR-Based Financial Instruments
Antitrust Litigation.

O R D E R

11 MDL 2262 (NRB)

------------------------------------

This document applies to:

DIRECT ACTION CASES (SEE APPENDIX)

------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/03/2014

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs' letter of December 1, 2014, is jaw-dropping, both in content and timing.[1] Not only does it proceed from a deliberate misreading of our Individual Practices, but the letter's proposal threatens to overwhelm this Court with unhelpful briefing.

Brevity is not just the soul of wit; it is the soul of persuasive argument as well. Often "the shorter briefs . . . are the most helpful, perhaps because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they

---

[1] Plaintiffs' letter arrived just eight days before their answering papers are due, despite the fact that plaintiffs have been aware of the structure of defendants' submission since at least October 31, 2014 (see Letter of Robert F. Wise, ECF No. 702).

1

believe the law supports them." In re M.S.V., Inc., 892 F.2d 5, 6 (1st Cir. 1989).

To be sure, it would be easier for plaintiffs' counsel not to engage in such discipline. As Benjamin Franklin is supposed to have told a correspondent, "If I had more time, I would have written a shorter letter."

Here, defendants offered plaintiffs an obvious road map for a sensible briefing structure. Defendants divided the legal issues presented in their single joint motion to dismiss into seven discrete topics, and submitted seven memoranda totalling a modest 175 pages.[2] Plaintiffs should have taken the cue to submit a single brief in opposition to each of defendants' briefs.

Instead, plaintiffs took a frivolous position that each plaintiff is separately entitled to file 25 pages in response to each argument addressed in defendants' briefs on a single motion to dismiss.[3] We find no support anywhere for plaintiffs' professed belief that each party in a consolidated case may each

---

[2] This is an average of 25 pages per brief, which is in line with our customary limit of 25 pages for opening briefs. With permission, defendants filed one brief over the 25-page limit and compensated by reducing the lengths of two other briefs. Additionally, Société Générale used 16 pages to brief its separate motion to dismiss.

[3] It appears that plaintiffs want to submit over 555 pages of briefing: (1) 100 pages for Quinn Emanuel's clients; (2) 100 for Cotchett Pitre's; (3) 100 for Robins Kaplan's; (4) 60 for Lieff Cabraser's; (5) 30 for FNMA; (6) 30 for the National Credit Union Administration Board; (7) 30 for Maragos; (8) 30 for Amabile; (9) 25 for FHLMC and FDIC; (10) 25 for CEMA; and (11) 25 for Triaxx. Additionally, plaintiffs requested some unspecified number of pages for state-specific personal jurisdiction briefs and some unspecified number of briefs and pages to respond to Société Générale's separate motion.

submit separate briefs up to the page limit for each argument raised.⁴ Cf. United States v. Ashman, 964 F.2d 596 (7th Cir. 1992) (per curiam) (striking 438 pages of "redundant and uncoordinated filings" and directing litigants to file a joint 75-page brief); Order, Micash Inc. v. NetSpend Corp., No. 2:12-cv-248-JRG, ECF No. 68 (E.D. Tex. June 5, 2013) (striking briefs sua sponte when two defendants filed separate briefs each equal to the page limit); Stillaguamish Tribe of Indians v. Nelson, No. C10-327 RAJ, 2013 WL 1661244 at *1 n.1 (W.D. Wash. Apr. 17, 2013) (criticizing defendants' strategy of filing separate briefs in order to circumvent page limits); United States v. Sierra Pac. Indus., No. CIV S-09-2445 KJM-EFB, 2012 WL 175071 (E.D. Cal. Jan. 20, 2012) (striking separate briefs that circumvented page limits).

Up to now, counsel in this MDL have successfully controlled their egos and their desire to bill hours, in order to provide the Court with manageable submissions. It is regrettable that the Direct Action Plaintiffs were unwilling to conform their conduct to such a professional approach. Having submitted an absurd proposal, plaintiffs' counsel compel this Court to set the rules.

---

⁴ The frivolity of plaintiffs' argument can be easily illustrated. Carried to its logical conclusion, plaintiffs would be entitled to submit 3400 pages of briefs: (17 complaints) × (8 memoranda filed by defendants) × (25 pages per complaint per memorandum).

3

Accordingly, we deny plaintiffs' motion (ECF No. 857 in No. 11 MDL 2262), and we direct plaintiffs to submit briefs whose total page count shall be at most 225 pages.[5] Targeted and organized point-by-point collective responses would clearly be of the greatest benefit to the Court and the parties.

**IT IS SO ORDERED.**

Dated: New York, New York
December 2, 2014

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[5] We arrive at this limit as 25 pages for each of the seven briefs that the defendants submitted in support of their joint motion, an additional 25 pages to compensate for our decision to grant defendants an additional 25 pages on one of their briefs, and an additional 25 pages to respond to Société Générale's separate motion.

4

# APPENDIX

This document applies to the following cases:

| | |
|---|---|
| City of Riverside et al. v. Bank of America Corp. et al. | 13-cv-0597 |
| County of San Mateo et al. v. Bank of America Corp. et al. | 13-cv-0625 |
| East Bay Municipal Utility District v. Bank of America Corp. et al. | 13-cv-0626 |
| City of Richmond et al. v. Bank of America Corp. et al. | 13-cv-0627 |
| County of San Diego v. Bank of America Corp. et al. | 13-cv-0667 |
| County of Riverside v. Bank of America Corp. et al. | 13-cv-1135 |
| Amabile et al. v. Bank of America Corp. et al. | 13-cv-1700 |
| Maragos v. Bank of America Corp. et al. | 13-cv-2297 |
| Federal Home Loan Mortgage Corp. v. Bank of America Corp. et al. | 13-cv-3952 |
| Salix Capital US Inc. et al. v. Banc of America Securities LLC et al. | 13-cv-4018 |
| Regents of the University of California v. Bank of America Corp. et al. | 13-cv-5186 |
| County of Sonoma et al. v. Bank of America Corp. et al. | 13-cv-5187 |
| San Diego Association of Governments v. Bank of America Corp. et al. | 13-cv-5221 |
| CEMA Joint Venture v. RBS Citizens, N.A. et al. | 13-cv-5511 |

| | |
|---|---|
| County of Sacramento v. Bank of America Corp. et al. | 13-cv-5569 |
| City of Houston v. Bank of America Corp. et al. | 13-cv-5616 |
| Principal Funds, Inc. et al. v. Bank of America Corp. et al. | 13-cv-6013 |
| Principal Financial Group, Inc. et al. v. Bank of America Corp. et al. | 13-cv-6014 |
| City of Philadelphia v. Bank of America Corp. et al. | 13-cv-6020 |
| Charles Schwab Corp. et al. v. Bank of America Corp. et al. | 13-cv-7005 |
| National Credit Union Administration Board v. Credit Suisse Group AG et al. | 13-cv-7394 |
| Federal National Mortgage Ass'n v. Barclays Bank plc et al. | 13-cv-7720 |
| County of Mendocino v. Bank of America Corp. et al. | 13-cv-8644 |
| Darby Financial Products et al. v. Barclays Bank plc et al. | 13-cv-8799 |
| Triaxx Prime CDO 2006-1 Ltd. et al. v. Bank of America Corp. et al. | 14-cv-0146 |
| Federal Deposit Insurance Co. et al. v. Bank of America Corp. et al. | 14-cv-1757 |
| Bay Area Toll Authority v. Bank of America Corp. et al. | 14-cv-3094 |
| Prudential Investment Portfolios 2 et al. v. Bank of America Corp. et al. | 14-cv-4189 |