# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LIBOR-BASED FINANCIAL INSTRUMENTS ANTITRUST LITIGATION | MDL No. 2262 |
| THIS DOCUMENT RELATES TO: | Master File No. 1:11-md-2262-NRB<br>ECF Case<br>**ORAL ARGUMENT REQUESTED** |
| *National Credit Union Administration Board, et al. v. Credit Suisse, et al.* | 13-cv-7394 |
| *Bay Area Toll Authority v. Bank of Am. Corp., et al.* | 14-cv-3094 |
| *CEMA Joint Venture v. Charter One Bank, N.A., et al.* | 13-cv-5511 |
| *City of Riverside v. Bank of Am. Corp., et al.* | 13-cv-597 |
| *City of Houston v. Bank of Am. Corp., et al.* | 13-cv-5616 |
| *Salix Capital US Inc. v. Banc of Am. Sec., et al.* | 13-cv-4018 |
| *Prudential Investment Portfolios 2 v. Bank of Am. Corp., et al.* | 14-cv-04189 |
| *The City of Philadelphia v. Bank of Am. Corp., et al.* | 13-cv-6020 |
| *The Regents of the University of California v. Bank of Am. Corp., et al.* | 13-cv-05186 |
| *Cnty. of Mendocino v. Bank of Am. Corp., et. al.* | 13-cv-8644 |
| *Darby Fin. Products and Capital Ventures Int'l v. Barclays, et al.* | 13-cv-8799 |
| *The Charles Schwab Corp., et al. v. Bank of Am. Corp., et al.* | 13-cv-7005 |
| *City of Richmond, et al. v. Bank of Am. Corp., et al.* | 13-cv-627 |
| *East Bay Mun. Utility Dist. v. Bank of Am. Corp., et al.* | 13-cv-626 |
| *Cnty. of San Diego v. Bank of Am. Corp., et al.* | 13-cv-667 |
| *Cnty. of Sacramento v. Bank of Am. Corp., et al.* | 13-cv-5569 |
| *San Diego Assoc. of Gov'ts v. Bank of Am. Corp., et al.* | 13-cv-5221 |
| *Cnty. of San Mateo v. Bank of Am. Corp., et al.* | 13-cv-625 |
| *Cnty. of Sonoma v. Bank of Am. Corp., et al.* | 13-cv-5187 |
| *Principal Funds, Inc., et al. v. Bank of Am. Corp., et al.* | 13-cv-6013 |
| *Principal Fin. Group, Inc., et al. v. Bank of Am. Corp., et al.* | 13-cv-6014 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS DIRECT ACTION PLAINTIFFS'
REQUESTS FOR INJUNCTIVE, EQUITABLE, AND DECLARATORY RELIEF**

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Bezuszka v. L.A. Models, Inc.*,
  No. 04 Civ. 7703, 2006 WL 770526 (S.D.N.Y. Mar. 24, 2006) ......................................... 3

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) .................................................................................................................. 1

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002) ............................................................................................................... 3

*Hakim v. Chertoff*,
  447 F. Supp. 2d 325 (S.D.N.Y. 2006) .................................................................................... 2

*In re DDAVP Indirect Purchaser Antitrust Litig.*,
  903 F. Supp. 2d 198 (S.D.N.Y. 2012) ................................................................................. 2, 3

*In re Elec. Books Antitrust Litig.*,
  14 F. Supp. 3d 525 (S.D.N.Y. 2014) ...................................................................................... 3

*In re G-fees Antitrust Litig.*,
  584 F. Supp. 2d 26 (D.D.C. 2008) .......................................................................................... 3

*In re Pa. Title Ins. Antitrust Litig.*,
  648 F. Supp. 2d 663 (E.D. Pa. 2009) ...................................................................................... 3

*Liriano v. ICE/DHS*,
  827 F. Supp. 2d 264 (S.D.N.Y. 2011) .................................................................................... 1

*MacIssac v. Town of Poughkeepsie*,
  770 F. Supp. 2d 587 (S.D.N.Y. 2011) .................................................................................... 3

*Nechis v. Oxford Health Plans, Inc.*,
  421 F.3d 96 (2d Cir. 2005) ..................................................................................................... 3

*SEC v. Pentagon Capital Mgmt. PLC*,
  612 F. Supp. 2d 241 (S.D.N.Y. 2009) .................................................................................... 3

### STATUTES, RULES, AND REGULATIONS

Fed. R. Civ. P. 12(b)(1) ................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................................... *passim*

Plaintiffs' requests for prospective injunctive, equitable, and declaratory relief should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) because Plaintiffs fail to plead that any alleged manipulation of LIBOR was ongoing when their complaints were filed or is likely to reoccur, nor that legal remedies would be insufficient.  Plaintiffs' arguments in opposition are without merit.

## ARGUMENT

As shown in Defendants' opening brief, Plaintiffs lack standing to seek prospective injunctive, equitable, and declaratory relief.  They fail to plead the basic requirement of irreparable injury because none of the complaints plausibly alleges that any misconduct involving USD LIBOR was ongoing when Plaintiffs filed their complaints, nor that Plaintiffs are likely to suffer imminent future injury "due to 'a recurrence of the allegedly unlawful conduct.'" *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 272 (S.D.N.Y. 2011) (Buchwald, J.) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n. 8 (1983)); *see also* Dkt. No. 753 ("Defs' Br.") at 1-5. Plaintiffs also cannot show that the monetary relief they seek—the overwhelming focus of their suits—would be inadequate compensation for their alleged financial losses on USD LIBOR-linked financial instruments.  *See* Defs' Br. at 6-7.

Plaintiffs' opposition briefs only reinforce these points.  Indeed, certain Plaintiffs correctly concede that any LIBOR manipulation had ceased by the time their first complaints were filed in January 2013, Defs' Br. at 4, n. 6, stating that "Post-Conspiracy," "[a]fter Barclays exposed the unlawful conduct in 2012, competition returned to the markets for interest-rate derivatives and Benchmark-Based Products," Dkt. No. 883 ("Antitrust Opp'n") at 14.  There is not a single factual allegation in any complaint—let alone a plausible allegation—that contradicts this conclusion or that indicates any harm or misconduct is ongoing or likely to reoccur.  Plaintiffs may not pursue equitable relief merely because they "do not know" when

Defendants' misconduct ended or because certain complaints allege that the misconduct occurred "until *at least* May of 2010" and that Plaintiffs suffered injury "over the course of years." Dkt. No. 890 ("Fraud Opp'n") at 49 & n.100 (citing PF Compl. ¶¶ 2, 135). "[S]ubjective fears about future contingencies do not confer standing [to seek injunctive relief] unless they have an objectively reasonable basis sufficient to render them more than speculations about non-imminent events." *Hakim v. Chertoff*, 447 F. Supp. 2d 325, 328 (S.D.N.Y. 2006). Plaintiffs' claimed uncertainty as to whether LIBOR manipulation is continuing or likely to reoccur is speculation contradicted by Plaintiffs' own allegations that any such activity ceased years ago, Defs' Br. at 2, nn. 3 & 4, and is undermined by fundamental changes that have occurred in the administration of USD LIBOR and by government settlements that impose cooperation obligations on many defendants, Defs' Br. at 5-6.[1]

Plaintiffs' contention that there is uncertainty regarding the changes to the administration of LIBOR, and that Defendants failed to "show that a different oversight committee will be any more effective at preventing the conspiracy or manipulation from continuing," Fraud Opp'n at 49-50, fundamentally misconstrues the question at issue in this motion. It is Plaintiffs' burden to allege a likelihood of future injury. Plaintiffs cannot satisfy that burden by trying to poke holes in the additional, independent point made by Defendants that changes to the administration of

---

[1] Plaintiffs' failure to allege a likelihood of future injury also cannot be cured by allegations (even were they made in the complaints—and they are not) that Defendants' past misconduct will somehow continue to injure Plaintiffs in the future in connection with currently held LIBOR-linked financial instruments. *See, e.g., In re DDAVP Indirect Purchaser Antitrust Litig.,* 903 F. Supp. 2d 198, 209 (S.D.N.Y. 2012) (dismissing claim for injunctive relief under Rules 12(b)(1) and 12(b)(6) and explaining that "[i]n the context of injunctive relief, ... lingering monetary injury, without any ongoing threat of recurrent violations [to the plaintiffs], is not sufficient to confer standing to seek an injunction").

LIBOR "would belie any allegation—*had Plaintiffs made one*—that they are likely to suffer the same injury in the future." Defs' Br. at 6 (emphasis added).[2]

Finally, Plaintiffs' requests for injunctive and other equitable relief also fail because Plaintiffs have an adequate remedy at law. Plaintiffs have no response. Their unremarkable assertion that "a prayer for injunctive relief is common in fraud, manipulation and conspiracy cases" in which motions to dismiss have been denied, Fraud Opp'n at 50, does not change the fact that Plaintiffs have not satisfied their burden to plead entitlement to such relief.[3] And Plaintiffs cannot explain why monetary damages, "the classic form of legal relief," *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002), would not make them whole for their alleged financial losses on LIBOR-linked financial instruments. *See Bezuszka v. L.A. Models, Inc.*, No. 04 Civ. 7703, 2006 WL 770526, at *17, n.32 (S.D.N.Y. Mar. 24, 2006) (Buchwald, J.) ("[I]t would be a misuse of the Court's equitable powers to issue an injunction when the plaintiffs have an adequate remedy at law, namely their breach of contract claims.").

## CONCLUSION

Plaintiffs' requests for injunctive, equitable, and declaratory relief should be dismissed.

---

[2] Plaintiffs contend that Defendants cite "only 4 cases," and attempt to distinguish those cases superficially on their facts or because some were not decided at the motion to dismiss stage. *See* Fraud Opp'n at 50 n.104. Not only do those cases fully support the propositions for which they are cited, but Plaintiffs also ignore the many other cases that Defendants cite in which courts—including this Court—have dismissed requests for injunctive, declaratory, or equitable relief pursuant to Rules 12(b)(1) and/or 12(b)(6). *See Bezuszka v. L.A. Models, Inc.*, No. 04 Civ. 7703, 2006 WL 770526, at *7 & *17 n.32 (S.D.N.Y. Mar. 24, 2006) (Buchwald, J.) (dismissing claim for injunctive relief under Rule 12(b)(6)); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d at 204, 210 (similar); *In re G-fees Antitrust Litig.*, 584 F. Supp. 2d 26, 29, 34-35 (D.D.C. 2008) (similar); *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 600 (S.D.N.Y. 2011) (similar); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 98, 104 (2d Cir. 2005) (similar).

[3] The cases Plaintiffs cite (Fraud Opp'n at 50) do not stand for the proposition that unsupported requests for equitable relief may survive a motion to dismiss. Rather, in those cases the motions to dismiss were denied on entirely different grounds, or on the basis of the sufficiency of the specific allegations in those cases. *See SEC v. Pentagon Capital Mgmt. PLC*, 612 F. Supp. 2d 241, 267 (S.D.N.Y. 2009) (denying motion to dismiss claim for equitable disgorgement relief on statute of limitations grounds and injunctive relief because of sufficiency of allegations of future misconduct); *In re Elec. Books Antitrust Litig.*, 14 F. Supp. 3d 525, 533 (S.D.N.Y. 2014) (denying motion to dismiss for lack of standing where movant conceded plaintiffs' standing to seek injunction); *In re Pa. Title Ins. Antitrust Litig.*, 648 F. Supp. 2d 663, 685 (E.D. Pa. 2009) (denying motion to dismiss claim for injunctive relief because of sufficiency of allegations of prospective harm).

<table>
<tr><td>

December 23, 2014,

*/s/* Fraser L. Hunter, Jr.
Fraser L. Hunter, Jr.
David S. Lesser
Alan E. Schoenfeld
WILMER CUTLER PICKERING
 HALE AND DORR LLP
250 Greenwich Street,
New York, New York  10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
fraser.hunter@wilmerhale.com
david.lesser@wilmerhale.com
alan.schoenfeld@wilmerhale.com

/s/ Robert G. Houck
Robert G. Houck
Alejandra de Urioste
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York  10019
Telephone: (212) 878-8000
Fax: (212) 878-8375
robert.houck@cliffordchance.com
alejandra.deurioste@cliffordchance.com

*Attorneys for Defendants The Royal Bank of Scotland Group plc, The Royal Bank of Scotland plc, Citizens Bank, N.A. f/k/a Charter One Bank, N.A., and RBS Securities Inc.*[4]

</td><td>

Respectfully submitted,

*/s/* Robert F. Wise, Jr.
Robert F. Wise, Jr.
Arthur J. Burke
Paul S. Mishkin
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
Telephone: (212) 450-4000
Fax: (212) 450-4800
robert.wise@davispolk.com
arthur.burke@davispolk.com
paul.mishkin@davispolk.com
*Attorneys for Defendants Bank of America Corporation, Bank of America, N.A., and Banc of America Securities, LLC*

*/s/* Daryl A. Libow
Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, Suite 700
Washington, D.C.  20006
Telephone: (202) 956-7500
Fax: (202) 956-6973
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for Defendant The Bank of Tokyo-Mitsubishi UFJ, Ltd.*

</td></tr>
</table>

---

[4]   Wilmer Cutler Pickering Hale and Dorr LLP is counsel for these defendants except as to plaintiffs Prudential Investment Portfolios 2; Principal Funds, Inc.; Principal Capital Interest Only I, LLC; Principal Commercial Funding, LLC; Principal Commercial Funding II, LLC; Principal Financial Group, Inc.; Principal Financial Services, Inc.; Principal Life Insurance Company; Principal Real Estate Investors, LLC; and Principal Variable Contracts Funds, Inc.  Clifford Chance US LLP is also counsel for these defendants.

4

*/s/* Jeffrey T. Scott
David H. Braff
Yvonne S. Quinn
Jeffrey T. Scott
Matthew J. Porpora
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
braffd@sullcrom.com
quinny@sullcrom.com
scottj@sullcrom.com
porporam@sullcrom.com

*/s/* Jonathan D. Schiller
Jonathan D. Schiller
Leigh M. Nathanson
Amos Friedland
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-2300
jschiller@bsfllp.com
lnathanson@bsfllp.com
afriedland@bsfllp.com

Michael Brille
5301 Wisconsin Avenue NW
Washington, D.C.  20015
Telephone: (202) 237-2727
mbrille@bsfllp.com

*Attorneys for Defendants Barclays Bank plc, Barclays plc, and Barclays Capital Inc.*

*/s/* Andrew A. Ruffino
Andrew A. Ruffino
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York  10018
Telephone: (212) 841-1000
aruffino@cov.com

Alan M. Wiseman
Thomas A. Isaacson
Jonathan Gimblett
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Telephone: (202) 662-6000
awiseman@cov.com
tisaacson@cov.com
jgimblett@cov.com

*/s/* Michael R. Lazerwitz
Michael R. Lazerwitz
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
Telephone: (212) 225-2000
mlazerwitz@cgsh.com

*Attorneys for Defendants Citibank, N.A. and Citigroup, Inc.*

6

| | |
|---|---|
| */s/* David R. Gelfand<br>David R. Gelfand<br>Sean M. Murphy<br>MILBANK TWEED HADLEY & McCLOY LLP<br>One Chase Manhattan Plaza<br>New York, New York  10005<br>Telephone: (212) 530-5000<br>dgelfand@milbank.com<br>smurphy@milbank.com<br><br>*Attorneys for Defendant Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A.* | */s/* Herbert S. Washer<br>Herbert S. Washer<br>Elai Katz<br>Joel Kurtzberg<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, New York  10005<br>Telephone: (212) 701-3000<br>hwasher@cahill.com<br>ekatz@cahill.com<br>jkurtzberg@cahill.com<br><br>*Attorneys for Defendant Credit Suisse Group AG, Credit Suisse International, Credit Suisse AG, Credit Suisse Securities (USA) LLC, Credit Suisse (USA), Inc.* |

*/s/* Moses Silverman
Moses Silverman
Andrew C. Finch
Jessica Brach
Noam Lerer
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3355
Fax: (212) 492-0355
msilverman@paulweiss.com
afinch@paulweiss.com
jbrach@paulweiss.com
nlerer@paulweiss.com

*Attorneys for Defendants Deutsche Bank AG and Deutsche Bank Securities Inc.*

/s/ Ed DeYoung
Ed DeYoung
Gregory T. Casamento
LOCKE LORD LLP
3 World Financial Center
New York, New York 10281
Telephone: (212) 812-8325
Fax: (212) 812-8385
edeyoung@lockelord.com
gcasamento@lockelord.com

Roger B. Cowie
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8614
Fax: (214) 740-8800
rcowie@lockelord.com

*Attorneys for Defendants HSBC Holdings plc, HSBC Bank plc, The Hongkong and Shanghai Banking Corporation Ltd., HSBC USA, Inc., HSBC Finance Corporation, HSBC Securities (USA,) Inc., and HSBC Bank USA, N.A.* (except in *City of Houston v. Bank of America Corp., et al.*, S.D.N.Y. Case No. 1:13-cv-05616)

/s/ Donald R. Littefield
Donald R. Littlefield (*pro hac vice* motion pending)
Jack D. Ballard (*pro hac vice* motion pending)
Michael A. Rodriguez (*pro hac vice* motion pending)
BALLARD & LITTLEFIELD, LLP
3700 Buffalo Speedway, Suite 250
Houston, Texas 77098
Telephone: (713)403-6400
Fax: (713)-403-6410
dlittlefield@ballardlittlefield.com
jballard@ballardlittlefield.com
mrodriguez@ballardlittlefield.com

*Attorneys for Defendants HSBC Holdings plc and HSBC Bank plc* in *City of Houston*

7

*v. Bank of America Corp., et al.*, S.D.N.Y. Case No. 1:13-cv-05616

*/s/* Thomas C. Rice
Thomas C. Rice
Paul C. Gluckow
Omari L. Mason
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-2000
Fax: (212) 455-2502
trice@stblaw.com
pgluckow@stblaw.com
omason@stblaw.com

*Attorneys for Defendants*
*JPMorgan Chase & Co. and*
*JPMorgan Chase Bank, N.A.*

*/s/* Marc J. Gottridge
Marc J. Gottridge
Lisa J. Fried
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York  10022
Telephone: (212) 918-3000
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com

*Attorneys for Defendants Lloyds Banking*
*Group plc and HBOS plc*

*/s/* Andrew W. Stern
Alan M. Unger
Andrew W. Stern
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Telephone: (212) 839-5300
Fax: (212) 839-5599
aunger@sidley.com
astern@sidley.com
ncrowell@sidley.com

*Attorneys for Defendant*
*The Norinchukin Bank*

*/s/* Arthur W. Hahn
Arthur W. Hahn
Christian T. Kemnitz
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois  60661
Telephone: (312) 902-5200
arthur.hahn@kattenlaw.com
christian.kemnitz@kattenlaw.com

*Attorneys for Defendant Royal Bank of*
*Canada, and RBC Capital Markets LLC*

8

| | |
|---|---|
| /s/ Richard D. Owens<br>Richard D. Owens<br>Jeff G. Hammel<br>LATHAM & WATKINS LLP<br>885 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 906-1200<br>richard.owens@lw.com<br>jeff.hammel@lw.com<br><br>*Attorneys for Defendants British Bankers'*<br>*Association,*<br>*BBA Enterprises Ltd., and BBA LIBOR Ltd.* | */s/* Steven Wolowitz<br>Steven Wolowitz<br>Henninger S. Bullock<br>Andrew J. Calica<br>MAYER BROWN LLP<br>1675 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-2500<br>Fax: (212) 262-1910<br>swolowitz@mayerbrown.com<br>hbullock@mayerbrown.com<br>acalica@mayerbrown.com<br><br>*Attorneys for Defendant Société Générale* |

| | |
|---|---|
| */s/* Peter Sullivan | /s/ Christopher M. Paparella |
| Peter Sullivan | Christopher M. Paparella |
| Lawrence J. Zweifach | Ethan E. Litwin |
| GIBSON, DUNN & CRUTCHER LLP | Marc A. Weinstein |
| 200 Park Avenue | Morgan J. Feder |
| New York, New York  10166-0193 | HUGHES HUBBARD & REED LLP |
| Telephone: (212) 351-4000 | One Battery Park Plaza |
| psullivan@gibsondunn.com | New York, New York 10004 |
| lzweifach@gibsondunn.com | Telephone: (212) 837-6000 |
| | Fax: (212) 422-4726 |
| Joel S. Sanders (*admitted pro hac vice*) | Chris.Paparella@hugheshubbard.com |
| 555 Mission Street, Suite 3000 | Ethan.Litwin@hugheshubbard.com |
| San Francisco, California  94105 | Marc.Weinstein@hugheshubbard.com |
| jsanders@gibsondunn.com | Morgan.Feder@hugheshubbard.com |
| | |
| *Attorneys for Defendant UBS AG* | *Attorneys for Defendants Portigon AG (f/k/a WestLB AG) and Westdeutsche ImmobilienBank AG* |

10