**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

September 11, 2015

<u>ELECTRONICALLY FILED</u>

Honorable Naomi Reice Buchwald
United States District Court
for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: <u>In re LIBOR-Based Financial Instruments Antitrust Litigation</u>, 11-md-2262 (NRB) (S.D.N.Y.)

Dear Judge Buchwald:

    We write on behalf of the plaintiffs in the below-referenced Libor-related actions in response to Defendants' August 28, 2015 letter to the Court regarding purported "scrivener's errors" and "oversights or omissions" in the Court's *Libor IV* Order. Neither issue raised by Defendants in the *Salix* and *Prudential* cases is a simple "scrivener's error,"[1] and Defendants should be denied the broad relief they seek.

    ***Salix Capital US Inc. v. Banc of America Securities LLC, et al.* (No. 13-cv-4018)**. Salix agrees that Defendants raised a statute of limitations challenge to its Fund-related fraud claims, based on Connecticut law. However, the Court was still correct in ignoring Connecticut law because New York's borrowing statute would look to only New York for the Fund claims because "*everything* relevant to [Salix's claims] took place in New York." MDL Dkt. 875 at 10.[2]

---

[1] As discussed below, both issues are far more complex than Defendants portray them to be, which raises the threshold question of whether Rule 60(a) is a proper vehicle for the requests.

[2] *See Loreley Fin. (Jersey) No. 28, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 985 N.Y.S.2d 499, 501-02 (N.Y. App. Div. 2014) (determining place of accrual requires consideration of "all relevant factors"); *Epstein v. Hass Secs. Corp.*, 731 F. Supp. 1166, 1178-79 (S.D.N.Y. 1990) (declining to hold the limitations periods of plaintiffs' domiciles applied because facts might establish New York as "financial base" of the transactions); *Landesbank Baden-Württemberg v. RBS Holdings USA Inc.*, 14 F. Supp. 3d 488, 502 (S.D.N.Y. 2014) (resolving conflicting facts as to situs of claims inappropriate on a motion to dismiss).

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

Honorable Naomi Reice Buchwald
September 11, 2015

*See Libor IV*, at 285 n.154 (noting argument but finding it unnecessary to expressly rule on it). Thus, this is not a proper request for "clarification," in that it asks the Court to do far more than just correct a scrivener's error.

Further, even if Connecticut law were deemed relevant, it merits emphasis that *Libor IV* also found that Connecticut would recognize cross-jurisdictional class-action tolling. *Id*. at 342. While the Court did not decide the scope of tolling as to Salix's fraud claims, at a minimum, the tolling periods applied to unjust enrichment would also apply to fraud. *Id*. 421. We also note that, for all tolling purposes, the three "Group B" Defendants (Bank of America, N.A., Citigroup Inc., and JPMorgan Chase Bank, N.A.) should be considered in "Group A" because they were omitted in *Metzler* only due to a mistake regarding the identity of the Libor panel bank.[3] *See Libor IV*, at 352-53, 421 n.202 (recognizing tolling across affiliates in such circumstances). Finally, Salix submits that UBS AG, which was expressly named in the original *Metzler* complaint, should also be listed as a "Group A" defendant.

**Prudential Investment Portfolios 2 v. Bank of America Corp., 14-cv-4189**. The Court held that the original *Metzler* and amended *Baltimore* complaints toll Prudential's contract and unjust enrichment claims. *Libor IV*, at 419-20. Defendants contend that this ruling was error, reading *Libor IV* as holding that *all* "bond" claims were tolled *only* for a short period by *Gelboim*.

As an initial matter, Defendants are *not* contesting the timeliness of Prudential's fraud or negligence claims. There is thus no reason to sort out what tolled those claims. Nor are Defendants challenging the application of the *Metzler* and *Baltimore* complaints to toll Prudential's swap-based claims.

As to Prudential's "bond-based" unjust enrichment and contract claims, Defendants would have the Court reverse its application of *American Pipe* in favor of an artificial "swaps versus everything else" distinction. But Prudential's portfolio included many different types of instruments—as did the class definitions in various class actions. For instance, the *Baltimore* Amended Complaint includes *all* direct purchases of "Libor-Based Instruments," which in turn is defined broadly to cover *all* types of derivative and non-derivative Libor-linked financial instruments. *See* MDL Dkt. 130, ¶¶ 31-34. ABS are expressly mentioned as a type of derivative "that [is] sold in over-the-counter transactions." *Id*. ¶ 32(b). The Court was thus correct in applying *Baltimore* to at least some of Prudential's "bonds."

---

[3] Salix alleges that Bank of America, N.A., Citigroup Inc., and JPMorgan Chase Bank, N.A. were each in fact on the panel, *see* Salix Dkt. No. 69 at ¶¶ 26, 28, 31, and those defendants continue to obfuscate as to their membership, *see* MDL Dkt. No 754-1.

2

Honorable Naomi Reice Buchwald
September 11, 2015

The enclosed tables describe how *Metzler*, *Baltimore*, and many other class actions tolled Prudential's non-swap contract and unjust enrichment claims:

- Table A lists the class actions that toll Prudential's contract and unjust enrichment claims on ABS that Prudential acquired directly from a named Defendant or its affiliate.

- Table B lists the class actions that toll Prudential's contract and unjust enrichment claims on ABS that Prudential did not acquire directly from a named Defendant or its affiliate.

- Table C lists the class actions that toll Prudential's contract and unjust enrichment claims on all types of non-swap investments that Prudential acquired directly from a named Defendant or its affiliate.

- Table D lists the class actions that toll Prudential's contract and unjust enrichment claims on all types of non-swap investments that Prudential did not acquire directly from a named Defendant or its affiliate.

***Darby Financial Products v. Barclays Bank PLC*, 13-cv-8799**.  As discussed above in regard to Salix, and in the enclosed tables regarding Prudential, panel banks omitted from class actions due to misidentification should be considered named in those actions for tolling purposes. *See Libor IV*, at 352-53, 421 n.202.  Darby and Capital Ventures respectfully request that their claims receive the same clarification.  Specifically, all claims against JPMorgan Chase Bank, N.A. (which continues to evade the question of panel membership, *see* MDL Dkt. 754-1) and The Royal Bank of Scotland PLC (which has admitted that it was on the panel, *see* MDL Dkt. 754-1 at 18, 777) should be deemed tolled as of the *Metzler* and other early-filed complaints where an affiliate was named.

Accordingly, we respectfully request that the Court:  (a) deny Defendants' request for clarification in the Salix action, because Connecticut law is irrelevant to the claims assigned to Salix by the Funds; (b) in the alternative, confirm and clarify the application of class-action tolling under Connecticut law as to Salix; (c) decline Defendants' request to "clarify" that all of Prudential's contract and unjust enrichment "bond" claims can be tolled only by the original *Gelboim* complaint, despite the fact that many such investments were included in many other class actions; and (d) confirm and clarify the application of class-action tolling under New York law as to Darby and Capital Ventures.

Honorable Naomi Reice Buchwald
September 11, 2015

Respectfully submitted,

 /s/ *Daniel L. Brockett*
Daniel L. Brockett
QUINN EMANUEL URQUHART & SULLIVAN, LLP

cc:     All Counsel of Record (via ECF)